Casey R. Fronk (Illinois Bar No. 6296535)
fronkc@sec.gov
Tracy S. Combs (California Bar No. 298664)
combst@sec.gov
Laurie Abbott (Utah Bar No. 14577)
abbottla@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel. 801-524-5796

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br>v.<br><br>DANIEL F. PUTNAM, an individual; JEAN PAUL RAMIREZ RICO, an individual; ANGEL A. RODRIGUEZ, an individual; MMT DISTRIBUTION, LLC, a limited liability company; R & D GLOBAL, LLC, a limited liability company,<br><br>DEFENDANTS; and<br><br>RICHARD T. PUTNAM, an individual,<br><br>RELIEF DEFENDANT. | Case No. 2:20-cv-00301-DBB-DAO<br><br>**PLAINTIFF'S MOTION TO STAY AND QUASH DEFENDANTS' NOTICE OF RULE 30(b)(6) DEPOSITION, AND FOR A PROTECTIVE ORDER**<br><br>Judge David B. Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Rule 26(c) and DUCivR 26-2(b), Plaintiff Securities and Exchange Commission ("Commission") moves to stay and quash Defendants Daniel F. Putnam, MMT Distribution, LLC, R & D Global, LLC and Relief Defendant Richard T. Putnam's ("the Putnam Defendants") Rule 30(b)(6) Notice ("Notice," attached as Exhibit A) and to issue a protective order. The Commission has timely objected to the Notice pursuant to DUCivR 30-2 and has met and conferred with the Putnam Defendants' counsel pursuant to DUCivR 37-1(a)(1).

The Notice is an inappropriate attempt to burden the Commission with duplicative and irrelevant discovery and create unnecessary disputes regarding the Commission's attorney work product. The bulk of the Notice (Topics 1–9) comprises vaguely worded requests for testimony on the "factual basis" of the Commission's allegations. But the Commission has already produced its entire non-privileged investigative file to Defendants; has supplemented its productions as it receives additional documents from third parties in the course of discovery; and has provided Defendants with detailed responses to their contention interrogatories, which detail facts and documents supporting the Commission's allegations. The Putnam Defendants cannot explain what—besides the Commission's protected attorney work product—they could possibly obtain from a deposition on the noticed topics. Courts across the country have refused to allow defendants to depose the Commission on the "factual basis" for its claims in these exact circumstances, and the Putnam Defendants can provide no rationale for an exception here.

The remainder of the Notice (Topics 10–12) seeks irrelevant "discovery on discovery," including testimony regarding the processes the Commission used to respond to the Putnam Defendants' earlier discovery requests. But Defendants provide no basis for seeking such testimony: they identify no document the Commission has failed to produce, do not contend the Commission failed to provide sufficient information in response to their interrogatory requests,

1

and do not contest that the Commission has worked in good faith to fully and accurately respond to written discovery. As courts have repeatedly recognized, there is no place for a burdensome and expensive Rule 30(b)(6) deposition in these circumstances. And in any event, Defendants' requested information would be more efficiently provided through written discovery that will not risk infringing on the Commission's attorney work product.

Thus, because the testimony the Putnam Defendants seek in the Notice is either attorney work product or otherwise has already been provided, and, as to the "discovery on discovery" topics, irrelevant to any claim or defense in this litigation, the Commission respectfully requests that the Court stay and quash the Notice, and issue a protective order.

## FACTUAL BACKGROUND

This case is a civil law enforcement action regarding Defendants' fraudulent and unregistered offerings of securities. (*See* Complaint, Dkt No. 1.) From at least July 2017 until November 2019, Defendants raised over $12 million from investors, first by offering investments in the "crowd-funding [of] a powerful cryptocurrency mining operation," and then through the offer and sale of so-called "cryptocurrency trading packages." (Compl. ¶¶ 1–2, 18–54.) Defendants obtained investments in these offerings through material false statements, misrepresentations, and omissions to investors. (*See, e.g., id*. ¶¶ 77–87.) For example, with respect to the purported digital asset "mining operation," Daniel Putnam ("Putnam") represented investor money would be used to purchase and operate machines that would "mine" digital assets, and that investors would earn money on the profits from the mining activities. In reality, Putnam used at least a portion of investor funds to purchase a condominium and pay other personal expenses. (*Id*. ¶¶ 19–22, 85–87.) With respect to the "cryptocurrency trading packages," Putnam and Angel Rodriguez told investors their money would be used to generate

profits from purported digital asset trading and arbitrage activities being conducted by their co-Defendant, Jean Paul Ramirez; that investors would earn a return "regardless of what's happening in the market;" and that the investments were SEC compliant. (*Id*. ¶¶ 42–44, 83.) But in actuality, Putnam and Rodriguez knew or were reckless in not knowing that the so-called trading packages were a sham, and frequently used investor money for personal expenses and to make Ponzi payments to earlier investors. (*Id*. ¶¶ 71–92.) In so doing, Defendants violated the registration and anti-fraud provisions of the federal securities laws, as well as the prohibitions on unregistered brokerage activity and unregistered securities offerings. (*See id*. ¶¶ 93–113; *see also* 15 U.S.C. §§ 77e(a), 77e(c), 77q(a), 78j(b), 78o(a)(1); 17 C.F.R. § 240.10b–5.)

Nearly one year ago, shortly after the Putnam Defendants answered the Complaint, the Commission provided Defendants with all discoverable, non-privileged documents in its investigative case file. (*See* Ex. B, Plaintiff's Initial Disclosures; *see also* Ex. C, Plaintiff's Supplemental Initial Disclosures.) The Commission also produced documents responsive to the Putnam Defendants' numerous discovery requests, including "[a]ll Documents that evidence, constitute, concern, refer to, or relate to" various Commission allegations. (*See* Ex. D; Plaintiff's Responses to the Putnam Defendants' First Set of Requests for Production; Ex. E, Plaintiff's Responses to the Putnam Defendants' Second Set of Discovery Requests.) The Commission has further produced (and will continue to produce in a timely manner) the additional, non-privileged materials it has obtained (and may obtain) from third-parties during discovery, such as documents produced pursuant to Rule 45 subpoenas and from investors who have contacted the Commission. In short, the Putnam Defendants have (or will have) every document the Commission might introduce into evidence to support its claims.

Further, the Commission has provided detailed responses to the Putnam Defendants' contention interrogatories (despite that those interrogatories were premature), and has worked in good faith to cooperate with the Putnam Defendants in discovery. (*See* Ex. F, Plaintiff's Answers to the Putnam Defendants' First Set of Interrogatories.) The Commission's answers to those interrogatories set forth the factual basis and inferences underlying the Commission's allegations, and direct the Putnam Defendants to specific documents supporting the Commission's claims, all of which were produced. (*See* Ex. F at 13–26; *see also* Ex. D at 4–5.)

On June 1, 2021, the Putnam Defendants served a Rule 30(b)(6) deposition notice on the Commission. The Notice contains 12 topics for testimony. (*See* Ex. A.) Topics 1 through 9 seek the "factual basis of the Commission's claims and allegations against" each Defendant, or "relating to" the "Mining Operation Investment," the "Digital Asset Trading Investment," and the "J.A. Group of Investors." (Ex. A at 7.) Topics 10 and 11 concern Commission counsel's discovery processes, including "[a]ll aspects of the Commission's responses to discovery requests" and the "procedures and steps" by which the Commission produced responsive documents. (*Id.*) Finally, Topic 12 seeks "[a]ll aspects of the procedures and steps taken by the Commission to serve process on, communicate with, and/or obtain documents and information" from the Putnam Defendants' co-defendant, Jean Paul Ramirez. (*Id.*)

Pursuant to DUCivR 30-2, the Commission timely served its objections to the Notice on June 8, 2021 and, pursuant to DUCivR 30-2 and 37-1(a), asked to meet and confer with the Putnam Defendants' counsel. (*See* Ex. G, Plaintiff's Objections to Defendants' Rule 30(b)(6) Notice.) The parties met and conferred by telephone on June 15, 2021. During that conference, Commission counsel explained, with respect to Topics 1 through 9, that the Putnam Defendants already had all of the factual bases for the Commission's claims, and repeatedly asked counsel to

4

provide an example of a non-privileged question the Putnam Defendants would ask Commission staff pursuant to those topics. Counsel for the Putnam Defendants refused to identify any such question, and instead insisted Defendants had a "right" to take even duplicative discovery.[1]

## ARGUMENT

Upon motion under Rule 26(c)(1), a Court may issue a protective order to protect parties from 'annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1)(A). A court "***must*** limit the frequency or extent of discovery" if it finds that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(1) (emphasis added). Here, an order quashing the Notice is appropriate because (1) Topics 1–9 of the Notice are either entirely duplicative, or directly aimed at discovering the Commission's protected attorney work product; and (2) Topics 10–12 seek irrelevant "discovery on discovery" that, in any event, could be more efficiently provided through written discovery.

1. **Topics 1 Through 9 Are Either Duplicative, Or Improperly Seek Commission Counsel's Protected Work Product.**

Topics 1 through 9 of the 30(b)(6) Notice vaguely seek the "factual basis" of the Commission's claims and allegations. (*See* Exhibit A, p. 7.) The Notice fails to define "factual basis," but, given context, it seems the Putnam Defendants are not seeking the facts supporting

---

[1] On June 16, 2021, Commission counsel provided the Putnam Defendants with case law in which courts quashed Rule 30(b)(6) depositions of the Commission that sought testimony on topics nearly identical to Topics 1 through 9, and asked whether the Putnam Defendants nonetheless intended to pursue a deposition on those topics. (*See* Ex. H, June 16, 2021 Email from C. Fronk, without attachments.) Commission counsel also reiterated an offer made during the meet and confer to provide answers to Topics 10 through 12 in the form of interrogatory responses and, where applicable, document production, and asked if the Putnam Defendants would accept this compromise. (*See id*.) The Putnam Defendants refused, and stated that they would seek testimony on all noticed topics. (*See* Ex. I, June 17, 2021 Email from J. Abarca, without attachments.)

the Commission's claims—which they already have—but what the Commission thinks about those facts. That inquiry improperly infringes on the Commission's attorney work product.

Unlike a traditional litigant (and unlike Defendants, who were personally involved in and have direct knowledge of the facts and circumstances leading to this litigation) the Commission is a law enforcement agency that has no first-hand knowledge of the underlying facts. Instead, the Commission premised its Complaint on the evidence gathered during its investigation by Commission staff. The staff, in turn, are the same attorneys who were primarily responsible for analyzing the evidence in anticipation of this litigation. It is thus virtually impossible to examine a Commission designee about the investigative record without revealing counsel's impressions or analysis. *See, e.g., SEC v. Contrarian Press*, 2020 WL 7079484, at *3 No. 16-cv-6964, 2020 WL 7079484, at *3 (S.D.N.Y. Dec. 2, 2020) (unpublished) ("Because Defendants' Rule 30(b)(6) deposition topics are so closely tied to the specific evidence at issue in this litigation, the deposition risks revealing attorney work product or infringing on attorney-client privilege.").

Under the Rules, the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" even in the rare situations where it is appropriate to order the disclosure of documents prepared in anticipation of litigation. FED. R. CIV. P. 26(b)(3)(A), (B); *see also Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695 (10 Cir. 1998); *Natta v. Hogan*, 392 F.2d 686, 694 (10th Cir. 1968) (work-product privilege extends to the production of material assembled by an attorney in preparation for impending litigation). There is no dispute the Commission has already provided the evidence on which its allegations rest to the Putnam Defendants. As a result, the only relevant, non-duplicative information the Putnam Defendants could possibly be seeking in Topics 1 through 9 is the Commission's analysis of the produced

evidence, which constitutes protected opinion work product subject to the highest protections. *Hickman v. Taylor*, 329 U.S. 495, 512 (1947) ("[T]he general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production.").

For these reasons, courts across the country have not hesitated to quash Rule 30(b)(6) depositions seeking testimony from the Commission on the "factual basis" for its claims. For example, in *SEC v. SBM Certificates*, the court thoroughly analyzed and rejected an attempt to obtain Rule 30(b)(6) testimony from the Commission about "[t]he factual bases, if any, for the allegations . . . in the SEC's Complaint" because "[t]he SEC, a law enforcement agency . . . has no independent knowledge of [the facts] . . . and such inquiry would ***inevitably and improperly*** invade the work product of SEC investigating attorneys." No. DKC 2006–0866, 2007 WL 609888 at *25 (D. Md. Feb. 23, 2007) (unpublished) (emphasis added). Likewise, in *SEC v. Monterosso*, No. 07–61693–CIV, 2009 WL 8708868, *1 (S.D. Fla. June 2, 2009) (unpublished), the court granted the Commission's motion for a protective order against a 30(b)(6) deposition seeking the "factual basis" for the Commission's allegations, finding:

> the noticed deposition seeks the mental impressions of the SEC's attorneys. Monterosso does not seek information on how the SEC operates. Instead, Monterosso seeks the "factual basis" for the SEC's allegations. The problem with this line of inquiry is that the SEC has stated that it has already produced all the documents it has in support of its action . . . and the SEC has no independent knowledge of these documents. Thus, ***the only remaining knowledge as to the "factual basis" of the SEC's claims is the importance the SEC gives to each document. How the SEC intends to marshal facts, documents and testimony in its possession is protected from disclosure, pure and simple***.

*Id*. (emphasis added); *see also SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (such inquiry "constitutes an impermissible attempt by defendant to inquire into the mental processes and

7

strategies of the SEC."). These decisions are joined by a raft of cases from around the country rejecting similar attempts to subject the Commission to depositions about its investigations.[2]

Courts also emphasize that because defendants have other means—such as written discovery—to obtain underlying facts and the bases for the Commission's allegations, a Rule 30(b)(6) deposition is unduly burdensome and oppressive. *See, e.g., SBM*, 2020 WL 609888, at \*23, 25; *Contrarian Press*, 2020 WL 7079484, at \*3. As the District of Connecticut recently reasoned, a 30(b)(6) deposition of Commission staff adds nothing factual to the record, risks intruding on important privileges, and is a fiasco for the Court to referee. *See SEC v. Ahmed*, No. 3:15cv675 (JBA), 2017 WL 1347668, at \*3 (D. Conn. Apr. 7, 2017) (quashing subpoena where the noticing parties "already have access to all of the facts underlying the SEC's claims and given the risk of inadvertent disclosure of the SEC's counsel's mental impressions or futility of a deposition consumed by objections").[3] Because, just as in *SBM Certificates* and

---

[2] *See, e.g., SEC v. NIR Group, LLC*, No. CV 11–4723(JFB)(GRB), 2013 WL 5288962, at \*5 (E.D.N.Y. Mar. 24, 2013) (quashing Rule 30(b)(6) deposition notice; "Even assuming that the SEC's analyses of the investigation and the impending litigation . . . were relevant, such documents and determinations would be subject to protections under, *inter alia*, the attorney work-product privilege"); *SEC v. Goldstone*, 301 F.R.D. 593, 664 (D. N.M. 2014) (granting SEC's motion for protective order as to Rule 30(b)(6) Notice because the Defendants' "deposition topics would invade the SEC attorneys' work product."); *SEC v. Jasper*, No. C07–06122 JW (HRL), 2009 WL 1457755 at \*2-3 (N.D. Cal. May 26, 2009) (quashing Rule 30(b)(6) deposition on work product grounds); *SEC v. Cavanagh*, No. 98 Civ. 1818(DLC), 1998 WL 132842, at \*3 (S.D.N.Y. Mar. 23, 1998)(same); *SEC v. Buntrock*, 217 F.R.D. 441, 444 (N.D. Ill. 2003) (same); *SEC v Contrarian Press*, 16-cv-6964 (VSB), 2020 WL 7079484 at \*3 (S.D.N.Y. December 2, 2020) (same).

[3] In contrast, only a handful of cases have adopted the inefficient and burdensome practice of allowing the deposition to proceed with the Commission objecting (and the court presumably ruling) on work product privilege on a question-by-question basis. The Putnam Defendants cite *SEC v. McCabe*, No. 2:13-cv-00161-TS-PMW, 2015 WL 2452937 (D. Utah May 22, 2015), where the court ruled that a deposition of the Commission could proceed, but the Putnam Defendants are not seeking the same type of testimony at issue there. In *McCabe*, the defendants sought, *inter alia*, a Rule 30(b)(6) deposition concerning documents that Commission counsel used in a deposition but which defendants claimed the Commission had not produced. *McCabe*,

*Monterroso*, the Putnam Defendants seek testimony on the Commission's analysis and mental processes, their Notice is impermissible and should be quashed as to Topics 1–9.

    2. **The "Discovery On Discovery" Sought By Topics 10, 11, And 12 Is Irrelevant, And In Any Event More Efficiently Provided Through Written Discovery.**

"Federal courts will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents." *Alley v. MTD Prods., Inc.*, No. 3:17-cv-3, 2018 WL 4689112, at *2 (W.D. Pa. Sept. 28, 2018) (unpublished) (quotation omitted).[4] On this principle, numerous courts have precluded Rule 30(b)(6) depositions regarding how a party responded to discovery requests, without evidence the party's discovery responses were inadequate.[5] Here, the Putnam Defendants lack even a "suspicion" the Commission's discovery responses are inadequate—they have identified no document the Commission is improperly withholding, and no interrogatory to which the Commission has failed to provide responsive information. Thus, the "discovery on discovery" sought in Topics 10, 11, and 12 is irrelevant, and in any event more efficiently obtained through written discovery.

---

2015 WL 2452937, at *1. There is no such allegation here; and there is no dispute that the Commission has produced all relevant, non-privileged documents.

[4] *See also Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 428 (D. N.J. 2009) (a party cannot seek discovery of another party's discovery processes "[w]ithout any showing of bad faith or unlawful withholding of documents").

[5] *See, e.g., Alley*, 2018 WL 4689112, at *3; *Fish v. Air & Liquid Sys. Corp.*, No. GLR-16-496, 2017 WL 697663, *17 (D. Md. Feb. 21, 2017) (unpublished) ("Courts look upon such discovery with skepticism and it is strongly discouraged"); *Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, No. 12-cv-2706, 2014 WL 10714011, *14 (D. Minn. Dec. 5, 2014) (unpublished) (citing cases); *E.E.O.C. v. Boeing Co.*, No. CV 05-03034-PHX-FJM, 2007 WL 1146446, at *2 (D. Ariz. Apr. 18, 2007) (unpublished) (denying plaintiff's motion to compel Rule 30(b)(6) deposition testimony regarding "'[t]he efforts [the opposing party] undertook to locate' certain documents'" because plaintiff did not show "why [the party's] efforts to locate documents are relevant").

9

Topics 10 and 11 broadly seek testimony on "[a]ll aspects of the Commission's responses to discovery requests" and the "procedures and steps" by which the Commission produced responsive documents. (*See* Ex. A.) But, as Commission counsel has repeatedly confirmed, the Commission has produced all non-privileged material in its case file (which is maintained in a central database under a single matter number); and the Putnam Defendants have identified no deficiency in the Commission's interrogatory responses. To be sure, if the vaguely worded Topics 10 and 11 propose to explore how the Commission identified discoverable material that is responsive, relevant, or privileged, the Notice impermissibly seeks to reveal opposing counsel's mental processes, and should be quashed for that reason. Otherwise, the Topics are classic "discovery on discovery" that are irrelevant to any claim or defense in this case.

Topic 12 seeks "[a]ll aspects of the procedures and steps taken by the Commission to serve process on, communicate with, and/or obtain documents and information" from Defendant Jean Paul Ramirez. (*See* Ex. A.) As with Topics 10 and 11, Topic 12 can be more efficiently addressed by the Commission's production of any communications with Mr. Ramirez and/or an interrogatory response describing the date and nature of any such communications. If, after reviewing the Commission's written discovery responses, the Putnam Defendants believe more information is required, the Putnam Defendants can attempt to pursue a deposition at that time. But there is no reason to engage in this expensive, burdensome "discovery on discovery" until and unless the Putnam Defendants demonstrate some deficiency in the Commission's discovery processes—which they have not done in the year since discovery began.

## CONCLUSION

For all of the foregoing reasons, the Commission respectfully requests that the Court grant its motion to stay and quash the 30(b)(6) Notice and to enter a protective order. A proposed form of order is attached hereto.

Dated: June 22, 2021	Respectfully submitted,

/s/ Tracy S. Combs
Tracy S. Combs
Casey R. Fronk
United States Securities & Exchange Commission
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2021, I caused **PLAINTIFF'S MOTION TO STAY AND QUASH DEFENDANTS' NOTICE OF RULE 30(b)(6) DEPOSITION AND FOR A PROTECTIVE ORDER** to be served on the following individuals by the means indicated below:

VIA ECF:

Romaine C. Marshall
Jose A. Abarca
Trinity S. Jordan
Nicolas C. Wilde
ARMSTRONG TEASDALE LLP
201 S MAIN ST STE 750
SALT LAKE CITY, UT 84111
rmarshall@atllp.com
jabarca@atllp.com
tjordan@atllp.com
nwilde@atllp.com

*Counsel to Defendants Daniel F. Putnam, MMT Distribution, LLC, R & D Global, LLC, and Relief Defendant Richard T. Putnam*


Cole Cannon
Jonathan Pfeifer
THE CANNON LAW GROUP PLLC
53 S 600 E
SALT LAKE CITY, UT 84102
jon@cannonlawgroup.com
cole@cannonlawgroup.com

*Counsel to Defendant Angel A. Rodriguez*

                                                /s/ Tracy S. Combs
                                                Tracy S. Combs