James D. Gilson (5472)
Chris D. Wade (15278)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 S. Main, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
jgilson@djplaw.com
cwade@djplaw.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL F. PUTNAM, an individual; JEAN PAUL RAMIREZ RICO, an individual; ANGEL A. RODRIGUEZ, an individual; MMT DISTRIBUTION, LLC, a limited liability company; R&D GLOBAL, LLC, a limited liability company<br><br>Defendants.<br><br>RICHARD T. PUTNAM, an individual,<br><br>Relief Defendant. | **NON-PARTIES ANDERSONS' OPPOSITION TO MOTION TO COMPEL PRODUCTION OF UNREDACTED ACCOUNT INFORMATION**<br><br>Case No. 2:20-cv-00301-DBB-DAO<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Daphne A. Oberg |

## INTRODUCTION

Non-Parties Jason R. Anderson, Jacob Anderson, and Gordon L. Anderson, and Business

Funding Solutions, LLC (collectively the "Andersons") hereby oppose the Motion to Compel

Production of Unredacted Account Information (the "Motion") filed by Defendants Daniel F.

1

Putnam, MMT Distribution, and R&D Global, and Richard Putnam (collectively, "Defendants").

Defendants, who have been sued by the SEC for their fraudulent Bitcoin Ponzi scheme, are

asking the Court to allow them to have access to highly private and confidential bank account

numbers of the victims of their fraudulent scheme. The Defendants stole over $7 million worth

of Bitcoin by getting the Andersons to "invest" in their scheme, and now Defendants seek to

harass and victimize the Andersons further by gaining access to their bank account information.

Defendants have no legitimate need for their victims' bank account numbers. Defendants

continue to operate their scheme, and have not returned any of the $7 million they have

fraudulently taken from the Andersons.  The Motion should be denied.

## <u>ARGUMENT</u>

Defendants have not established a valid need for the Andersons unredacted bank

information. Defendants rely on the declaration of James Wood, but that declaration contains

only conclusory statements that provide no real explanation for why the victims' bank account

numbers are necessary.  Defendants argue, without explanation, that "which accounts funds came

from and went to is highly relevant in this case."  Where there is no dispute that the funds came from

the Andersons' accounts, and were then deposited into the Defendants' accounts, it is not relevant

what specific number the bank assigned to the Andersons' accounts.  Indeed, the Andersons'

counsel offered to assign a number or other identifier to keep track of the Andersons' accounts,

but this was rejected. Mr. Wood's declaration merely states that "bank account numbers are

necessary to perform a thorough, independent, and reliable tracing analysis of transactions

between accounts" and that "[u]nredacted records may reveal relevant accounts and relationships

between accounts." Declaration ¶ 10-11. This circular reasoning doesn't explain the need, nor does it explain why assigning an identifier to the accounts wouldn't suffice.

Further, even if Defendants had established a need (which they have not), the competing interest of the Andersons' financial privacy outweighs any need. Indeed, "personal finances are among those private matters kept secret by most people," and "[f]inancial records of non-parties are of the utmost sensitivity, and the requesting party must establish a need for the information that outweighs the privacy rights of the non-party." *Thomas v. State Farm Fla. Ins. Co.*, 314 So. 3d 653, 655 (Fla. Dist. Ct. App. 2021) (cleaned up). "This heightened standard is necessary because the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant." *Id.* (cleaned up). Defendants cannot meet this heightened standard to show that the Andersons bank account numbers are necessary to perform their analysis. Moreover, the existence of a protective order is not sufficient. Having been victimized by the Defendants by over $7 million, the Andersons have no confidence that Defendants will not misuse their highly confidential account information.

For these reasons, Defendants' Motion to Compel should be denied.

DATED: July 30, 2021.

DENTONS DURHAM JONES PINEGAR, P.C.


 /s/ James D. Gilson
James D. Gilson
Chris D. Wade
*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 30, 2021, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF, which served a copy of the same on counsel of record.

By: *<u>Angie Stettler</u>*
Angie Stettler

SLC_5506335.1