UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br>v.<br><br>DANIEL F. PUTNAM, an individual; JEAN PAUL RAMIREZ RICO, an individual; ANGEL A. RODRIGUEZ, an individual; MMT DISTRIBUTION, LLC, a limited liability company; R & D Global, LLC, a limited liability company,<br><br>        Defendants, and<br><br>RICHARD T. PUTNAM, an individual,<br><br>        Relief Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH (DOC. NO. 69)**<br><br>Case No. 2:20-cv-00301-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

      The Securities and Exchange Commission (the "SEC") seeks to quash Defendants Daniel F. Putnam, MMT Distribution, LLC, R & D Global, LLC and Relief Defendant Richard T. Putnam's (collectively, "Putnam Defendants") Rule 30(b)(6) Notice. ("Mot.," Doc. No. 69.) The court heard oral argument on this motion on July 12, 2021. (*See* Doc. No. 76.) For the reasons below, the court GRANTS in part and DENIES in part the SEC's motion.

### LEGAL STANDARDS

      The scope of discovery is very broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Rule 30(b)(6) of the Federal Rules of

1

Civil Procedure permits a party to issue a notice or subpoena directed to an organization, including a governmental agency. Fed. R. Civ. P. 30(b)(6).

The work-product doctrine protects "documents and tangible things" from discovery if "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). Work-product immunity supports the fairness of the adversarial system by protecting counsel's thought processes from her opponent. *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1301 (Fed. Cir. 2006); *Genentech, Inc. v. Int'l Trade Comm'n*, 122 F.3d 1409, 1415 (Fed. Cir. 1997). "[T]he work product doctrine is intended only to guard against divulging the attorney's strategies or legal impressions." *In re Republic of Ecuador*, 735 F.3d 1179, 1185 (10th Cir. 2013) (internal quotation marks omitted). "The federal discovery rules reflect the recognition that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" *Sec. & Exch. Comm'n v. McCabe*, No. 2:13-cv-00161, 2015 U.S. Dist. LEXIS 67253, at *6 (D. Utah May 22, 2015) (unpublished) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).

## ANALYSIS

Putnam Defendants seek Rule 30(b)(6) testimony on twelve topics. Topics 1 through 9 relate to the SEC's allegations in its complaint and Topics 10 through 12 seek information regarding the SEC's discovery processes and procedures. (Ex. A to Mot. 7–8, Doc. No. 69-2.) The SEC seeks to quash Putnam Defendants' Rule 30(b)(6) notice because, according to the SEC, it seeks "duplicative and irrelevant discovery" and infringes on the SEC's attorney-work product. (Mot. 1, Doc. No. 69.)

Topics 1 through 9

Topics 1 through 9 seek testimony regarding the factual basis for the SEC's allegations. (Mot. 5, Doc. No. 69; Ex. A to Mot. 7, Doc. No. 69-2.) However, the SEC contends it already

provided Putnam Defendants with all the underlying facts—including the entire nonprivileged investigative file and responses to contention interrogatories. (Mot. 1, Doc. No. 69.) Accordingly, the SEC construes Topics 1 through 9 as "not seeking the facts supporting the Commission's claims—which they already have—but what the Commission thinks about those facts." (*Id.* at 5–6.) The SEC contends that, unlike a normal party to litigation, it does not have any firsthand knowledge of the facts at issue. Rather, the SEC bases its complaints on "the evidence gathered during its investigation by Commission staff." (*Id.* at 6.) Where the staff is made up of attorneys, the SEC claims it is "virtually impossible to examine a[n] [SEC] designee about the investigative record without revealing counsel's impressions or analysis." *Id.* At the hearing, the SEC argued that because additional written discovery and responses would be more efficient, less burdensome, and lead to more probative evidence, the deposition should not be allowed.

Putnam Defendants disagree. First, they claim the SEC's representation that all SEC staff involved in the investigation are attorneys is false. (Opp'n 3, Doc. No. 75.) Putnam Defendants further argue the SEC has not met its burden to establish work-product privilege prevents the deposition or that good cause exists for a protective order. (*Id.* at 5–6.) At the hearing, Putnam Defendants argued they do not seek attorney work product, litigation strategy, or mental impressions. Instead, they only seek facts underlying the investigation. Putnam Defendants argued they should be able to choose how to seek discovery, rather than having the SEC dictate how they approach their case.

The SEC has not established the deposition should be quashed or that a protective order should issue. First, there is no doubt Topics 1 through 9 are relevant. The SEC argues they are irrelevant because they are duplicative of other discovery produced, (Mot. 1, Doc. No. 69), but

3

redundancy and relevance are two different things. These topics are relevant to the claims in the case.

Second, nothing prevents a party from issuing a Rule 30(b)(6) deposition notice to the SEC. This precise issue was addressed in *Securities and Exchange Commission v. McCabe*, 2015 U.S. Dist. LEXIS 67253. In *McCabe*, the court addressed the SEC's motion to quash the defendant's Rule 30(b)(6) subpoena and request for a protective order. *Id.* at \*5. As here, the SEC argued any deposition testimony would be irrelevant, privileged, subject to the work-product doctrine, and confidential. *Id.* The SEC also relied on the fact that its pretrial investigator was an attorney who was acting as trial counsel. *Id.* Focusing on the broad scope of discovery, the court denied the SEC's motion. *Id.* at \*6–7, 10. As the court noted, "Rule 30(b)(6) expressly applies to a government agency and provides neither an exemption from Rule 30(b)(6), nor special consideration concerning the scope of discovery, especially when [the agency] voluntarily initiates an action." *Id.* at \*7. Where the topics covered "the very crux of the underlying dispute," the *McCabe* court concluded it was "up to the SEC to designate someone who is not conflicted either by status or privilege issues." *Id.* at \*9.

At the July 12 hearing, the SEC acknowledged it is not categorically immune from Rule 30(b)(6) depositions. Yet, granting its motion would effectively bestow this immunity. Like other parties litigating in federal court, Putnam Defendants have the right to take Rule 30(b)(6) depositions from the opposing party; here, the SEC. Only in extreme circumstances would a court entirely prohibit a party from taking a deposition of the opposing party. The SEC failed to show such circumstances exist here. The SEC contends Putnam Defendants must be seeking mental impression and deliberative processes, since the only facts the SEC knows stem from its investigative process rather than firsthand knowledge. But at the hearing, Putnam Defendants

4

stated in no uncertain terms that they do not seek mental impressions, attorney work product, or litigation strategy. Putnam Defendants provided examples of facts they seek which are not already in their possession, such as facts relevant to another defendant. Additionally, Putnam Defendants want to explore the SEC's interrogatory responses with the hope that the SEC can provide information above and beyond the documents and information it has already produced.

The court must limit discovery which is unreasonably cumulative or duplicative or can be obtained through less burdensome and less expensive means. Fed. R. Civ. P. 26(b)(2)(C)(i). But the SEC's assertion that it produced its entire investigative file does not mean the deposition would be *unreasonably* duplicative. *See EEOC v. LifeCare Mgmt. Servs., LLC*, No. 02:08–cv–1358, 2009 WL 772834, at *5 (W.D. Pa. Mar. 17, 2009) (rejecting the argument that the deposition was unnecessary because the EEOC produced its investigative file, and noting the 30(b)(6) witness could answer clarifying questions). And Rule 30(b)(6) contains no requirement that Putnam Defendants first seek the facts covered by the deposition topics by more efficient means. Putnam Defendants pointed to specific information they seek which is not unreasonably duplicative and might best be obtained through a Rule 30(b)(6) deposition.

Third, the SEC has not met its burden to establish the information sought is privileged. The party objecting on the grounds of privilege "bear[s] the burden of establishing that it applies. To carry the burden, [it] must describe in detail the documents or information to be protected and provide precise reasons for the objection to discovery." *Johnson v. USANA Health Scis.*, No. 2:17-cv-652 RJS DBP, 2019 U.S. Dist. LEXIS 198814, at *7–8 (D. Utah Nov. 15, 2019) (unpublished) (internal quotation marks omitted). A "blanket claim" as to the privilege "does not satisfy the burden of proof." *Id.* at *8; *see also Sec. & Exch. Comm'n v. Kramer*, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011). In effect, that is what the SEC advances: a blanket claim

5

of privilege as to all facts sought regarding its allegations. By arguing Putnam Defendants' deposition notice necessarily calls for the disclosure of attorney work product and mental impressions, the SEC asks for a finding of privilege without establishing with any particularity what documents or information it believes are privileged or why any such privilege applies. This fails to meet the SEC's burden, especially where, at the hearing, the SEC acknowledged a deposition might be appropriate if the questions asked for nonprivileged, factually based details about the investigation. That all but one of the SEC's investigators in this case is an attorney does not change this calculus. Facts "are always discoverable regardless if they have been conveyed to an attorney." *Sec. & Exch. Comm'n v. Merkin*, 283 F.R.D. 689, 696 (S.D. Fla. 2012) (internal quotation marks omitted).

      Putnam Defendants' listed topics are factually based. None encompass what the SEC *thinks* about its investigative facts. Moreover, "[t]he revelation of facts relevant to the litigation *does not necessarily reveal the origin of those facts* or how those facts were selected or ordered." *Merkin*, 283 F.R.D. at 697 (emphasis in original) (internal quotation marks omitted). Where Putnam Defendants explicitly and repeatedly asserted they seek only to discover facts underlying the claims, not the mental impressions or work product of the SEC's counsel, the SEC can make no preemptive claim of privilege. *See Kramer*, 778 F. Supp. 2d at 1328 (finding the argument that a deposition would intrude on the work product of SEC attorneys because the SEC lacked independent knowledge of the facts to lack merit).

      In short, the SEC cannot foreclose a Rule 30(b)(6) deposition in a case it initiated by arguing the deposition would necessarily require the disclosure of privileged or protected information. There is no doubt the SEC differs from a private litigant. And due to the SEC's role, the risk of disclosure of mental impressions or other privileged information may be

heightened. But counsel for the SEC can object if, for example, any questions call for disclosure of how it intends to marshal its facts or the inferences it draws from the evidence. And SEC counsel can give appropriate instructions to its witness on a question-by-question basis, if the need actually arises during the deposition.

Topics 10–12

The remaining topics, Topics 10 through 12, seek information on the SEC's discovery procedures in this matter. (Ex. A, Doc. No. 69-2.) The SEC argues this "discovery on discovery" is irrelevant and burdensome. (Mot. at 1–2, Doc. No. 69.) Putnam Defendants offer no case authority supporting their request for "discovery on discovery." And at the hearing, Putnam Defendants acknowledged it may be sufficient to ask the SEC's Rule 30(b)(6) witness about Topics 1 through 9.

"A party cannot seek discovery of another party's discovery processes [w]ithout any showing of bad faith or unlawful withholding of documents." *Alley v. MTD Prods.*, No. 3:17-cv-3, 2018 U.S. Dist. LEXIS 167006, at *5 (W.D. Pa. Sep. 28, 2018) (unpublished) (internal quotation marks omitted). A "mere suspicion that the party's process has not produced adequate documents" is insufficient. *Id.* at *4. Putnam Defendants have not alleged the SEC has acted in bad faith or has improperly withheld documents. Accordingly, the SEC's motion to quash Topics 10 through 12 is granted.

## CONCLUSION

For the foregoing reasons, the SEC's motion is GRANTED in part and DENIED in part. The court ORDERS Topics 10 through 12 of Putnam Defendants' Rule 30(b)(6) deposition

notice are quashed, but DENIES the SEC's motion with regard to Topics 1 through 9, and DENIES the SEC's request for a protective order.

DATED this 19th day of August, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge