UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br>v.<br><br>DANIEL F. PUTNAM, an individual; JEAN PAUL RAMIREZ RICO, an individual; ANGEL A. RODRIGUEZ, an individual; MMT DISTRIBUTION, LLC, a limited liability company; R & D Global, LLC, a limited liability company,<br><br>             Defendants, and<br><br>RICHARD T. PUTNAM, an individual,<br><br>             Relief Defendant. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SHORT FORM DISCOVERY MOTION TO COMPEL PRODUCTION OF UNREDACTED ACCOUNT INFORMATION (DOC. NO. 79)**<br><br>Case No. 2:20-cv-00301-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Defendants Daniel F. Putnam, MMT Distribution, LLC, R & D Global, LLC, and Relief Defendant Richard T. Putnam (collectively, the "Putnam Defendants") seek to compel nonparties Jason R. Anderson, Jacob Anderson, Gordon L. Anderson, and Business Funding Solutions, LLC (collectively, the "Andersons") to produce unredacted account information. (Short Form Disc. Mot. to Compel Prod. of Unredacted Account Info. ("Mot."), Doc. No. 79.) For the reasons below, the court GRANTS in part and DENIES in part the Putnam Defendants' motion.

In this action, the Securities and Exchange Commission alleges the Putnam Defendants raised $12 million from investors in a fraudulent scheme, including approximately $7.2 million from the Andersons. (Compl. ¶¶ 1–2, 62, Doc. No. 1; Mot. 2, Doc. No. 79.) In response to the Putnam Defendants' subpoena, the Andersons produced bank records containing redacted

1

account numbers. (Mot. 2, Doc. No. 79.) The Putnam Defendants assert their expert needs "full access to the unredacted documents to properly perform a forensic analysis of the documents and transactions at issue." (*Id.*; Ex. E to Mot., Decl. of James Wood ("Wood Decl.") ¶ 12, Doc. No. 79-5.) In support of their argument, they provided a declaration from their expert, a forensic accountant, stating "[b]ank account numbers and all information contained in underlying financial records are necessary to perform a thorough, independent, and reliable tracing analysis of transactions between accounts." (Wood Decl. ¶ 10, Doc. No. 79-5.) The expert further explained, "Unredacted records may reveal relevant accounts and relationships between accounts that may not be otherwise discernable without the redacted information in current document productions." (*Id.* ¶ 11.)

The Andersons argue the Putnam Defendants have not established a valid need for the Andersons' unredacted bank information and the competing interest of the Andersons' financial privacy outweighs any need. (Non-Parties Andersons' Opp'n to Mot. to Compel Prod. of Unredacted Account Info. 2–3, Doc. No. 80.) They state they offered to assign other identifiers to keep track of the accounts, but this offer was rejected. (*Id.* at 2.) They also contend a protective order is not sufficient to protect their privacy because, "[h]aving been victimized by the Defendants by over $7 million, the Andersons have no confidence that Defendants will not misuse their highly confidential account information." (*Id.* at 3.)

Rule 45(d)(3)(B) of the Federal Rules of Civil Procedure permits a court to quash or modify a subpoena if it requires "disclosing . . . confidential research, development, or commercial information." The court may, instead, order production "under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be

2

reasonably compensated." Fed. R. Civ. P. 45(d)(3)(C). Additionally, Rule 26(c) of the Federal Rules of Civil Procedure permits the court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including requiring that confidential information "not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). To this end, the District of Utah's Standard Protective Order allows a party to designate documents as "Confidential Information – Attorneys Eyes Only," which permits disclosure to attorneys, experts, and other qualified recipients, but not the parties themselves.

The Putnam Defendants have provided sufficient evidence to demonstrate a substantial need for their expert to access the unredacted account numbers in order to perform a forensic tracing analysis. However, they have not articulated any need for the Defendants themselves to access the unredacted account numbers. Designating the unredacted account numbers as "Confidential Information – Attorneys Eyes Only" would alleviate the Andersons' stated concern that the Putnam Defendants will misuse their information, while still allowing the Putnam Defendants' expert to perform a forensic analysis.

For these reasons, the court ORDERS as follows:

1.  The Andersons shall produce unredacted versions of the documents at issue within fourteen (14) days. The unredacted documents may be designated as "Confidential Information – Attorneys Eyes Only" under the Standard Protective Order if appropriate.

2.  If the Putnam Defendants believe the designation is improper or that the parties themselves need access to the redacted information, they may follow the procedures set forth in

the Standard Protective Order for challenging such designation and, if necessary, file a new motion.

DATED this 1st day of October, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

4